# IN THE COURT OF APPEALS OF IOWA

No. 16-1903
Filed June 7, 2017

**SHELBY ANTHONY VOGT,**
 Plaintiff-Appellant,

**vs.**

**KRISTINE WEITZELL and CLARINDA CORRECTIONAL FACILITY,**
 Defendants-Appellees.
_____

Appeal from the Iowa District Court for Page County, Kathleen A. Kilnoski, Judge.

A former inmate appeals the district court's decision granting summary judgment to the warden and correctional institution. **AFFIRMED.**

Shelby Anthony Vogt, Cedar Falls, pro se appellant.

Thomas J. Miller, Attorney General, and John McCormally, Assistant Attorney General, for appellees.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Shelby Vogt appeals the district court's decision granting summary judgment to Warden Kristine Weitzell and the Clarinda Correctional Facility (the institution).

Vogt, who was an inmate in the Clarinda Correctional Facility, filed a lawsuit alleging numerous complaints, including that the prison improperly opened his legal mail, damaged his CD player, illegally strip searched him, and committed sexual misconduct, and Vogt sought $5000 in damages. The court granted the institution's motion for a more specific statement, and the institution also filed a motion to dismiss. After a hearing, the court entered an order outlining the three claims Vogt was making: (1) a tort claim for damage to the CD player; (2) a claim under 42 U.S.C. § 1983 for a strip search and cruel and unusual punishment; and (3) a claim under Iowa Code chapter 822 (2014) regarding prison discipline. The court then ordered the institution to respond to those claims, denying the motion to dismiss. The matter was transferred on a motion to change venue from Polk County to Page County, and upon the transfer, the claim under chapter 822 was dismissed as moot due to Vogt discharging his sentence.

The institution filed a motion for summary judgment on the remaining two claims. Vogt filed a resistance to the motion, and after a hearing, the district court determined summary judgment was appropriate in light of (1) the State's immunity for damage to inmate's property under section 699.14(2) and (2) the fact the searches and discipline meted out were reasonably related to legitimate

penological interest and, thus, there was no constitutional violation. After the court denied Vogt's posthearing motion to reconsider, Vogt appealed.

On appeal, it appears Vogt is arguing summary judgment was not proper,[1] and he now requests $50,000. Upon our review of the record and district court's decision, we conclude no error of law occurred when the district court entered summary judgment in favor of the institution on the claims raised and dismissed Vogt's lawsuit. *See Homan v. Branstad*, 887 N.W.2d 153, 163 (Iowa 2016) (noting our review of a district court's ruling on a motion for summary judgment is for the correction of errors at law).

We affirm the district court's decision by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**

---

[1] To the extent Vogt asserts other claims on appeal that were not raised before and decided by the district court, error has not been preserved. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").